IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARTIN T. WILLIAMS,**

                **Petitioner,**

        v.                                  CASE NO. 13-3005-RDR

**CLAUDE MAYE,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. He challenges the execution of his sentence.

*Factual background*

Petitioner is serving a 46-month sentence for Felon in Possession of a Firearm imposed in the United States District Court for the Eastern District of Wisconsin. At the December 15, 2009, sentencing, the sentencing judge imposed a hybrid sentence, ordering petitioner's federal term to be "46 months, with 16 months running concurrently and 30 months running consecutively to the sentence in State of Wisconsin (Milwaukee County) Case No. 02-CF-4590." In addition, the court recommended that the federal Bureau of Prisons ("BOP") designate the state correctional facility for service of the concurrent portion of the federal sentence and placement in a facility as close to Milwaukee as possible. (Doc. 7, Attach. 2, Exs. D & F, Judgment & Commitment Order.)

Following sentencing, petitioner was returned to the custody of Wisconsin authorities for service of his state sentence. A detainer

was lodged. *Id.*, Ex. G, Detainer.

In November 2011, petitioner unsuccessfully sought a modification of his federal sentence to make the entire sentence concurrent with his state sentence.

In May 2012, he filed a petition pursuant to 28 U.S.C. §2255 in the sentencing court seeking to have the federal and state sentences run concurrently. The sentencing court denied this request and noted that the claims concerning the computation of his sentence should be presented in an action pursuant to § 2241.

On January 5, 2012, petitioner's state sentence was fully satisfied. He was transferred to the Federal Correctional Institution in Pekin, Illinois, on January 17, 2012.

The BOP computed petitioner's sentence as follows:

(1) The 30-month consecutive sentence was computed and reduced by the 117 days of Good Conduct Time that potentially could be earned by petitioner, resulting in a potential release date, or target date, of March 9, 2013.

(2) Petitioner's preliminary commencement date was calculated by subtracting 46 months, the length of the sentence, from the target date and subtracting the potential good conduct time available during the federal term, yielding a commencement date of November 6, 2010.

(3) Petitioner's federal sentence was commenced prior to his arrival at a federal correctional facility by a *nunc pro tunc* designation to the Wisconsin Department of Corrections for the concurrent portion of his state and federal sentences.

(4) Due to administrative disciplinary action, 27 days of good conduct time was disallowed from petitioner's federal

sentence. He is currently projected for release on April 2, 2014.

**Discussion**

Pursuant to 28 U.S.C. § 2241(c)(3), a court may grant habeas corpus to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner contends the calculation of his sentence by the BOP improperly extends his incarceration; he seeks reinstatement of a calculation done by the BOP in March 2012, under which his effective full term ("EFT") was calculated at July 4, 2014, resulting, after subtraction of the potential 117 days of GCT, in a shorter period of confinement than the current calculation.

The calculation was modified during an audit in April 2012, resulting in the current projected release date of April 2, 2014. The error identified in the audit was the use of petitioner's EFT in calculating the date petitioner's entire sentence began, rather than the SRD.[1]

In response to petitioner's administrative grievance concerning the calculation of his sentence, the Administrator of the National Inmate Appeals office explained the sentence was properly calculated pursuant to Program Statement 5880.28, noting specifically:

The BOP first determines a target date for release from the sentence. Here, this was done by adding the consecutive portion of the sentence, 30 months, to the date of release from the concurrent sentence, January 5, 2012, resulting in a full-term date of July 4, 2014.

Next, the full-term date is reduced by the amount of GCT available

---
[1] Doc. 9-1, p. 3.

during the consecutive portion of the sentence; here, the amount is 117 days on the 30-month term, resulting in a target date of March 9, 2014.

Third, the entire term is subtracted from the target date to arrive at a commencement date, resulting here in a preliminary commencement date of May 9, 2010. The number of GCT days that may be earned during the entire term is then added to the preliminary commencement date, resulting in a final commencement date of November 6, 2010.[2]

The court has carefully reviewed this response[3] and the materials submitted by respondent, including the portions of P.S. 5880.28 submitted by respondent,[4] and finds no error in the calculation of petitioner's sentence. The BOP has reviewed the sentence computation at length, both in the response to the petitioner's grievance and in statements submitted in this action, and it has explained the method of sentence calculation and the reason for the correction of the March 2012 calculation. After review of the record and supporting materials, the court concludes petitioner is not entitled to relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motions to expedite (Docs. 4 and 11) are denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

---

[2] Doc. 7-1, pp. 34-35.
[3] The court notes that the administrative remedy response erroneously refers in one instance to petitioner's "63-month sentence" (Doc. 7, Attach. 1, p. 35). Because the document elsewhere correctly references petitioner's 46-month sentence, id., p. 34, the court concludes the error is harmless.
[4] Doc. 7-2, pp. 14-28.

**IT IS SO ORDERED.**

DATED:  This 19th day of September, 2013, at Topeka, Kansas.


                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              U.S. Senior District Judge